THE WILLETS MANUFACTURING COMPANY v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MERCER.

Submitted December 14, 1897—Decided June 13, 1898.

Where a bridge has been built by the board of chosen freeholders for the purpose of continuing a highway across a stream of water, the approach to such bridge, when built within the lines of the highway, is a part of the highway itself, and does not constitute an additional burden upon the land.

In tort. Demurrer to plea.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the demurrant, *Francis C. Lowthorp.*

*Contra, Symmes B. Hutchinson.*

The opinion of the court was delivered by

GUMMERE, J. The injury complained of by the plaintiff is the erection by the defendant of a stone embankment upon its lands. The defendant, by its plea, justifies the alleged wrongful act on the ground that the city of Trenton, by proper proceedings taken for the purpose, had acquired, by condemnation, the right to occupy and use the *locus in quo* for the purpose of a public highway; that the said highway was intersected by the canal of the Delaware and Raritan Canal Company at a point adjoining said lands, and that the duty was thereby cast upon the defendant of constructing a bridge across the canal for the purpose of continuing the highway across it; that the stone embankment referred to in the plaintiff's declaration was one of the approaches to said bridge, and that the grade of said approach was fixed by the city of Trenton in pursuance of the authority conferred upon it by its charter.

The validity of this plea is challenged by the plaintiff on the ground that the erection of the abutment to the bridge in the highway imposes an additional burden upon the soil, and that, consequently, the defendant had no right to place it there without making compensation to the owner.

The theory upon which the demurrer is based is that, although the city condemned the plaintiff's land for a street, nevertheless it did not condemn it for a bridge approach; that such latter use was not legally in contemplation of the parties to the condemnation proceedings when they were taken, and that, therefore, no compensation for such use could have been either ascertained or made, and that, as a result, the property of the plaintiff is being subjected to a public use without compensation made, or provided for, in violation of its constitutional right.

But this contention rests upon a misconception of the legal effect of the facts stated in the plea. The bridge having been constructed for the purpose of joining together the two parts of a highway which was bisected by a waterway, the approaches thereto, if not the bridge itself, are a part of that highway. *Township of Kearney* v. *Ballantine*, 25 *Vroom* 194. That being so, the plaintiff has already received compensation for the use to which its land is devoted, no additional burden having been put upon it by the erection of the embankment.

The defendant is entitled to judgment on the demurrer.